UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PINE-RICHLAND SCHOOL DISTRICT,<br><br>　　　　　Defendant. | Civil Action No. 2:22-CV-1329 |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe respectfully requests this Court to grant her leave to proceed under a pseudonym in this litigation.

## BACKGROUND

Plaintiff Jane Doe was born in Guatemala, is of Mayan descent, and has a dark complexion. She was adopted by the Doe family when she was an infant, and attended schools in the Pine-Richland School District ("PRSD" or "the District") her entire life. During her first year of high school at Pine-Richland High School ("PRHS"), Plaintiff Jane Doe was the victim of severe, pervasive, and objectively offensive sexual harassment by a male classmate ("Student 1") and racial harassment by a different male classmate ("Student 2").

Student 1's harassment of Ms. Doe occurred most often during class, typically when the lights were dimmed or the teacher was focused on something else and not watching the students. On these occasions, Student 1 would place a phallic-shaped object, such as a ruler or water bottle, over his crotch and mimic masturbation at Ms. Doe. Student 1 repeatedly made comments to Ms. Doe about how "big" he was and how much Ms. Doe "wants it." Because Ms.

1

Doe shared nearly all of her classes and extracurricular activities with Student 1, the harassment was inescapable and occurred on a near daily basis from November 2018 until April 2018. During the same period, Student 2 harassed Ms. Doe, calling her the N-word hundreds of times and telling her to "go hang herself" or otherwise kill herself.

In April 2018, Ms. Doe summoned the courage to report the harassment to her parents and a trusted teacher, who helped her submit a written complaint to PRHS. Ms. Doe even showed the Assistant Principal a video verifying the nature of the racial harassment, in which Student 2 could be seen holding up his fist and saying to Ms. Doe "white power!" and "hang n*****s!" But Ms. Doe was met with indifference when the school failed to conduct any investigation, issue any disciplinary or corrective actions against Student 1 or 2, or take any meaningful action to ensure Ms. Doe's safety at school. That indifference continued when Ms. Doe and her parents raised the same concerns about Ms. Doe's safety before the start of the following school year in August 2018. Rather than take steps to ensure Ms. Doe's safety, the Principal instead told her that Student 2's statements were "protected free speech" and Ms. Doe should surround herself with trusted friends to protect herself from the perpetrator.

The District's indifference left Ms. Doe extremely vulnerable to further harassment, as PRHS students were emboldened to engage in misconduct and harassment with impunity. Tragically, on January 7, 2019, the harassment against Ms. Doe escalated and culminated in another male student ("Student 3") brutally raping Ms. Doe in an on-campus bathroom, in the middle of the school day. Only a few months earlier, the District had received a credible report that Student 3 had sexually harassed a female elementary school student, yet, as it had and would with Ms. Doe, the District failed to investigate that report, impose any disciplinary or corrective

action against Student 3, or take any meaningful steps to prevent Student 3 from sexually harassing other female students.

Ms. Doe's predictable and preventable assault was not the end of her suffering. Even after receiving a report of a violent rape committed on campus during school hours, the District refused to conduct its own investigation of the rape, make any independent determination as to whether Student 3 sexually harassed Ms. Doe, institute disciplinary consequences against him, or protect Ms. Doe from Student 3 at school and remedy the hostile educational environment she faced at PRHS. PRSD instead tried to force Ms. Doe to transfer out of PRHS to an alternative high school, while it permitted Student 3 to attend PRHS, prioritizing his education over that of Ms. Doe. As a direct result of Defendant's failure to comply with its Title IX obligations and deliberate indifference to Ms. Doe's reports of sexual harassment and assault, Ms. Doe was left with no other choice than to attempt to continue her education from the safety of her home in order to escape the hostile and discriminatory educational environment. Ms. Doe finished the last two and a half years of her high school education at home, without the benefits of in-person learning, live interaction with her classmates and teachers, or the extracurricular activities she loved so much, including band, softball, and Junior Reserve Officers Training Corps.

Ms. Doe has suffered significant and ongoing physical and emotional harm in the years since she was assaulted. As a result of the assault, and compounded by the District's actions and inactions, Ms. Doe suffered from severe symptoms of depression and anxiety, panic attacks, and insomnia. Ms. Doe was diagnosed with Post-Traumatic Stress Disorder ("PTSD"), pelvic floor dysfunction, visceral hyperalgesia, intractable abdominal pain, and suffered from chronic vomiting that frequently required hospitalization due to severe dehydration and vomiting blood. During her senior year in high school, Ms. Doe was diagnosed with Functional Neurological

Deficit that manifested as a loss of sensation and blindness due to severe trauma and lasted for months. To date, Ms. Doe has required 12 inpatient hospitalizations totaling 55 days, for harm directly related to the assault and the District's subsequent actions and inaction.

Ms. Doe's harm is ongoing. Although she enrolled in college in Fall 2021, by the end of her first semester, she had no option but to seek a medical withdrawal based on her continuing injuries and medical needs stemming from the assault and its aftermath. As a result, Ms. Doe reasonably fears that she would suffer additional severe harm if forced to publicly identify herself in these proceedings. No countervailing public interest weighs against permitting Ms. Doe to proceed using a pseudonym.

## ARGUMENT

The decision to allow a party to proceed using a pseudonym is within the sound discretion of the district court. *See Doe v. Coll. of N.J.*, 997 F.3d 489, 494 (3d Cir. 2021). Although, as a general matter, identifying the parties to a legal proceeding is important to ensure public access to such proceedings, "in exceptional cases courts have allowed a party to proceed anonymously." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Courts routinely recognize that sexual assault implicates matters of the most sensitive and personal nature, and thus permit sexual assault victims to proceed under a pseudonym. *See, e.g.*, *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001); *see also Doe v. Schuylkill Cty. Courthouse*, No. 3:21-CV-477, 2022 U.S. Dist. LEXIS 82026, at *27 (M.D. Pa. May 5, 2022); *Doe v. Rutgers*, No. 2:18-cv-12952, 2019 U.S. Dist. LEXIS 75139, at *13 (D.N.J. Apr. 30, 2019).

"When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym . . . district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Megless*, 654 F.3d at 408.

In *Megless*, the Third Circuit formally adopted a non-exhaustive list of facts to be considered when addressing a motion for leave to proceed under pseudonym. *Id.* at 409. The factors in favor of permitting a plaintiff to proceed pseudonymously include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)). In this case, all of the factors weigh strongly in favor of permitting Ms. Doe to proceed using a pseudonym.

## I. The *Megless* Factors Weigh in Favor of Allowing Ms. Doe to Proceed Using a Pseudonym

### A. Ms. Doe Has a Substantial and Well-Founded Fear that Public Disclosure of Her Identity in Connection with This Case Will Exacerbate the Harm She Has Already Suffered and Expose Her to Further Retaliation

A sexual assault victim's "fear of increased embarrassment, humiliation, and emotional distress" "is well-founded." *Evans*, 202 F.R.D. at 176; *see also Schuylkill Cty.*, 2022 U.S. Dist. LEXIS 82026, at *25 (collecting cases). Indeed, at least one court has concluded that sexual assault victim status alone weighs in favor of anonymity, explaining that "victims of sexual assault are a vulnerable class worth of protected status." *Doe v. Princeton Univ.*, No. 19-7853, 2019 U.S. Dist. LEXIS 188076, at *12 (D.N.J. Oct. 30, 2019).

As set forth more fully in Ms. Doe's accompanying Complaint, she has already suffered tremendously since the sexual assault and the District's subsequent actions and inaction, nearly

four years ago. Ms. Doe has been diagnosed with severe mental and physical health conditions as a direct result of the assault and its aftermath, which she continues to battle every day. Most recently, Ms. Doe was forced to forego her college career due to the ongoing harm she has suffered as a result of the facts and circumstances underlying this litigation. Nearly the entirety of Ms. Doe's high-school career was defined by those events and circumstances, and requiring her to forever connect her real name to this lawsuit will only serve to perpetuate the harm she has suffered. *See Doe v. Trishul Consultancy, LLC*, No. 18-16468, 2019 U.S. Dist. LEXIS 169051, at *13 (D.N.J. Sept. 30, 2019) (holding that plaintiff's showing that fear of "*increased* harassment, humiliation, and emotional distress" was well-founded based on prior harm).

Moreover, Ms. Doe's fear that disclosure of her identity will result in retaliation against her family is well-founded. As set forth in detail in her accompanying Complaint, Ms. Doe has asserted a Title IX retaliation claim against Defendant. Ms. Doe alleges that the District retaliated against her as a direct result of the Doe family's reports of sexual assault and harassment, as well as their persistence in attempting to require the District to fulfill its federally mandated Title IX obligations. Ms. Doe's fears extend beyond her own safety to that of her sibling, who is still a student at the District. Ms. Doe's concerns about retaliation if her identity is publicly revealed are well-founded, based on the retaliation that she has already suffered at the hands of the District.

    **B.**     **The Public Has a Strong Interest in Permitting Ms. Doe to Proceed Pseudonymously**

Allowing Ms. Doe to proceed pseudonymously undoubtedly promotes the public interest. This factor supports anonymity if, 'other[s] similarly situated [would] be deterred from litigating claims that the public would like to have litigated' if they could not proceed pseudonymously." *Doe v. Pa. Dep't of Corrs.*, No. 1:20-cv-00023, 2022 U.S. Dist. LEXIS 26372, at *15 (W.D. Pa.

Feb. 14, 2022) (quoting *Megless*, 654 F.3d at 410). "There is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs." *Rutgers*, 2019 U.S. Dist. LEXIS 75139, at *9; *see also Evans*, 202 F.R.D. at 176 ("[T]he public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable curing to vindicate their rights . . . ."). If Ms. Doe were required to identify herself in order to vindicate her rights, the risk is high that it would create a chilling effect and discourage other victims of sexual harassment and assault from coming forward.

The public interest is even stronger where the abuse occurred while the plaintiff was a minor. *See, e.g.*, *K.B. v. Conrad Weiser Area Sch. Dist.*, No. 5:21-cv-04292, 2022 U.S. Dist. LEXIS 11968, at *6 n.1 (E.D. Pa. Jan. 24, 2022) (explaining fact that plaintiff was a minor when sexual assaults occurred "bolsters" the request for anonymity); *J.B. ex rel. K.E. v. Charley*, No. 21-632, 2021 U.S. Dist. LEXIS 232769, at *9–10 (D.N.M. Dec. 6, 2021) ("Judges in this Court have allowed cases involving claims of sexual abuse against minors to proceed anonymously, even where plaintiffs were no longer minors at the time of litigation."); *L.M. v. City of Gardner*, 2019 U.S. Dist. LEXIS 149362, at *4–5 (D. Kan. Sept. 3, 2019) (explaining that allegations involving sexual assault and harassment of minors "are matters of a highly sensitive and personal nature"); *N.S. v. Rockett*, No. 3:16-cv-2171, 2017 U.S. Dist. LEXIS 54204 (D. Or. Apr. 10, 2017) ("A plaintiff generally may proceed under initials or a pseudonym when asserting a claim based on sexual abuse or assault, especially where the plaintiff was a minor when the assault allegedly occurred.").

Finally, "[t]here is an analogous public interest in protecting the identities of plaintiffs who suffer from mental illnesses." *Rutgers*, 2019 U.S. Dist. LEXIS 75139, at *9–10. Ms. Doe

7

has suffered from severe symptoms of anxiety, depression, and PTSD as a direct result of the attack and the District's subsequent actions and inaction. This litigation will likely expose the details of those conditions and permitting Ms. Doe to proceed anonymously will avoid deterring others who suffer from similar conditions from suing to vindicate their rights.

The public has a strong interest in allowing Ms. Doe to proceed under a pseudonym based on the facts and circumstances of this case.

### C. There is No Compelling Public Interest in Knowing Plaintiff's Identity

"[T]here is an atypically weak public interest in knowing" Ms. Doe's identity. *Megless*, 654 F.3d at 409. Ms. Doe "is a private citizen seeking to litigate private and highly-sensitive issues, not a public official for whom the public possesses a heightened interest." *Trishul*, 2019 U.S. Dist. LEXIS 169051, at *14. The public's interest in this case—sex and race discrimination in public schools—is not compromised by permitting Ms. Doe to keep her identity confidential, especially as access to the docket and proceedings will remain publicly available. *See Evans*, 202 F.R.D. at 176 (noting that protecting plaintiff's "identity will not impede public's ability to follow the proceedings"); *see also Freedom from Religion Found., Inc. v. Connellsville Area Sch. Dist.*, No. 2:13-cv-1406, 2013 U.S. Dist. LEXIS 73584, at *6 (W.D. Pa. May 24, 2013) ("[T]he issue in this case does not turn on the identity of the Plaintiff, and the Court presently does not see how denying Plaintiffs' request will interfere with the public's right to follow the proceedings, which will be kept open to the public while maintaining the confidentiality of the Does' identities."). The Court can thus preserve the public's ability to follow the important interests at stake here, while protecting Ms. Doe's confidentiality.

### D. If Forced to Reveal Her Identity, Ms. Doe Would Likely Drop All Claims and Withdraw Her Lawsuit

This factor considers whether "the claim [will] be resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym, or [whether] the litigant [will] sacrifice a potentially valid claim simply to preserve [her] anonymity." *Trishul*, 2019 U.S. Dist. LEXIS 169051, at *15 (alterations in original) (quoting *Megless*, 654 F.3d at 410). There is a strong likelihood that Ms. Doe would reconsider her decision to pursue this lawsuit if she were deprived of the ability to proceed pseudonymously. *See id.* at *16 (finding factor weighs in favor of anonymity even where plaintiff's intention as to whether she would proceed without with the litigation otherwise is "unclear" because the plaintiff "may be deterred from pursuing a meritorious claim should she be required to proceed publicly").

### E. Any Public Statements Ms. Doe Has Made Identifying Herself as a Sexual Assault Survivor Do Not Weigh Against Her Ability to Proceed Anonymously

After she was sexually assaulted and egregiously failed by PRSD, Ms. Doe slowly tried to regain control, and she found an outlet through advocacy for sexual assault survivors. Although Ms. Doe has identified herself as a survivor in this context, that does not weigh against her right to anonymity in this lawsuit. As a young woman, barely out of high school, she should not be forced to forever associate her name with the details of this case simply in an effort to seek justice. By publicly disclosing her name in the context of this litigation, everything on the court's docket, potentially including her private psychiatric, medical, and educational information and records, would be publicly available in perpetuity. Simply put, identifying herself as a sexual assault survivor on her terms and for the purposes of effecting social change is not equivalent to publicly identifying herself as a litigant in a civil lawsuit. Moreover, Ms. Doe has never publicly divulged the horrific details of the brutal assault she suffered, nor the details

9

regarding the sexual and racial harassment she suffered the year before. Ms. Doe has taken steps to protect those intimate details and other highly personal and sensitive information that will inevitably be placed at issue throughout the pendency of this lawsuit and keep such information confidential.

  **F. Ms. Doe Has No Ulterior Motives in Seeking to Proceed Using a Pseudonym**

Ms. Doe's only motive in seeking leave to proceed pseudonymously in this litigation is to protect herself and her family from serious harm, as she has fully explained in the present motion. *See Provident Life*, 176 F.R.D. at 496 (noting that a plaintiff supported the lack of illegitimate motive by "provid[ing] th[e] Court with several valid reasons in support of his request to proceed in pseudonym").

**II. No Other Factor Outweighs Ms. Doe's Interest in Proceeding Under a Pseudonym**

After considering the factors that support the use of a pseudonym, the Court balances them against three factors that may disfavor the use a pseudonym:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Megless*, 654 F.3d at 409. No factor weighs against allowing Ms. Doe to proceed in this litigation using a pseudonym.

Although there is always a general public interest "in favor of open judicial proceedings," that factor does not outweigh the factors set forth above. *Megless*, 654 F.3d at 411. Ms. Doe is not a public figure, nor do the issues in this case turn on the public knowing her identity. In such a case, the public interest in knowing the identities of the litigants is not particularly strong, and "it does not outweigh the above-mentioned factors which all tip in favor of plaintiff's use of a

pseudonym." *Provident Life*, 176 F.R.D. at 469; *see also, Doe v. Oshrin*, 299 F.R.D. 100, 104–05 (D.N.J. 2014) ("The 'universal level of public interest in access to the identities of litigants' does not without more weigh against anonymity." (quoting *Megless*, 654 F.3d at 409)). Finally, Ms. Doe has no reason to believe there will be any opposition to her request to proceed using a pseudonym. *See Trishul*, 2019 U.S. Dist. LEXIS 169 169051, at *16–17 (where only countervailing factor against plaintiff's use of a pseudonym is the general interest in public judicial proceedings, "the minimal public interest cannot counterbalance the remainder of the *Megless* factors that weight in favor of permitting Plaintiff to proceed anonymously.").

## CONCLUSION

Ms. Doe respectfully requests that this Court grant her leave to proceed under pseudonym in this litigation and enter an order preventing the parties from filing information containing her unredacted name or personally identifiable information.

Respectfully submitted,

Date: September 19, 2022

By: /s/ Laura E. Laughlin
Laura E. Laughlin (PA 311896)
Messa & Associates
123 S. 22nd Street
Philadelphia, PA 19103
T: (215) 568-3500
F: (215) 568-3501
llaughlin@messalaw.com

Chloe M. Neely*
Monica H. Beck*
The Fierberg National
Law Group, PLLC
161 East Front Street, Suite 200
Traverse City, MI 49684
T: (231) 933-0180
F: (231) 252-8100
cneely@tfnlgroup.com
mbeck@tfnlgroup.com
**pro hac vice* motions to be filed*